# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **BAILEY KOWALSKI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 1:18-cv-00390 |
| v. ) | |
| ) | Hon. Paul L. Maloney |
| **MICHIGAN STATE UNIVERSITY** ) | |
| **and UNIDENTIFIED ROES,** ) | |
| ) | |
| **Defendants.** ) | |

**REPLY MEMORANDUM IN SUPPORT OF MICHIGAN STATE UNIVERSITY'S MOTION TO RECONSIDER OR, ALTERNATIVELY, TO CERTIFY FOR <u>IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(B)</u>**

I.     **The Sixth Circuit's Decision in *Kollaritsch* Precludes a "Policy of Indifference" Claim**

As MSU explained in its Opening Brief, the Sixth Circuit's decision in *Kollaritsch v. Michigan State Univ.*, 944 F.3d 613 (6th Cir. 2019), makes clear that (1) plaintiffs may not rely on incidents involving third parties to establish a Title IX claim, and (2) a Title IX claim cannot be premised on a single instance of sexual misconduct.  Since this Court denied MSU's Motion to Dismiss on the belief that the Sixth Circuit had and would recognize liability under Title IX based on incidents involving third parties, the Court should reconsider that decision.  *See* August 21, 2019 Order at 14, Page.ID.304 (finding Plaintiff's theory viable because the Sixth Circuit had found liability under Title IX "(1) where the funding recipient was deliberately indifferent to prior acts of harassment against the same plaintiff by different third-party perpetrators and (2) where the school had actual notice of prior harassment—by a single perpetrator—of victims other than the plaintiff.").[1]

Plaintiff invites this Court to simply ignore *Kollaritsch* because "none of the plaintiffs in *Kollaritsch* alleged a pre-assault theory,"[2] Pl.'s Br. at 7, and because, in her view, the pre-assault theory she is pursing is fundamentally different than the deliberate indifference theory pursued in *Kollaritsch*.  But neither the Supreme Court, nor the Sixth Circuit, has ever recognized some

---

[1] As explained in MSU's Opening Brief, this Court relied on the district court opinion in *Doe v. University of Tennessee*, 186 F. Supp. 3d 788 (M.D. Tenn. 2016), for this proposition.  The portion of the *University of Tennessee* case quoted by this Court included a footnote that essentially declined to follow the Sixth Circuit's decision in *Pahssen v. Merrill Community School District*, 668 F.3d 356 (6th Cir. 2012).  *Kollaritsch* reaffirmed *Pahssen*, meaning that the *University of Tennessee* cases was wrong to ignore it.  Plaintiff declines to address this issue in her responsive brief, and does not even acknowledge the *Pahssen* case.

[2] In fact, one of the Plaintiffs in Kollaritsch, Shayna Gross, did bring a so-called "pre-assault" claim just like the one Kowalski brings, which this Court dismissed.  *Kollaritsch v. Michigan St. Univ.*, 298 F.Supp. 3d 1089, 1104–05 (W.D. Mich. 2017).  Gross did not appeal this court's ruling.

distinct "pre-assault" theory of liability, and the only opinion the Supreme Court has ever issued involving student-on-student harassment is *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629 (1999). That is the decision that governs the implied Title IX cause of action and that is the decision the Sixth Circuit analyzed in detail in *Kollaritsch*. While *Kollaritsch* made clear that a Plaintiff must plead actual, further sexual harassment in order to state a claim, it also spent page after page breaking down each element that must be proven in a Title IX claim under *Davis,* in detail. One of those requirements is that "the plaintiff 'cannot . . . premise the [further harassment] element of her Title IX claim on conduct [by the perpetrator] directed at third parties.'" *Kollaritsch*, 944 F.3d at 621–22.

Plaintiff's theory is a deliberate indifference theory, and follows the same overall rubric as *Kollaritsch*. Indeed, that is the essence of a "policy of indifference" claim—that a school's deliberate indifference to other acts not involving the plaintiff (how MSU allegedly handled prior cases involving athletes) can "cause" or "subject" the plaintiff to harassment in the form of an assault committed by different students (Plaintiff's assault by different athletes at an off-campus apartment). True, Plaintiff here has alleged "further harassment"—she claims that MSU's alleged deliberate indifference to prior acts of sexual misconduct by other athletes against other victims years ago caused her assault. Plaintiff's claim runs afoul not of the further harassment requirement but instead of the clear requirement set out in *Kollaritsch* (and previously in *Pahssen*) that a Plaintiff can only base a claim under Title IX on acts by the same perpetrator against the same victim. *Kollaritsch* bars Plaintiff's claim and the Court should now dismiss the Complaint.

## II.    If the Court Does Not Dismiss the Complaint, It Should Certify Its August 21st Order for an Immediate Appeal Under 28 U.S.C. §1292(b)

Plaintiff claims that there are no substantial grounds for difference of opinion with this Court's August 21st Order, but *Kollaritsch* alone is sufficient to show otherwise. And while it is true that some courts have recognized a "policy of indifference" claim on different facts, there is still substantial ground for difference of opinion as to whether, even if the theory is otherwise

viable, plaintiff has pleaded sufficient facts here to establish causation. As explained in MSU's Opening brief, *Simpson v. Univ. of Col. Boulder*, 500 F.3d 1170 (10th Cir. 2007), cited by Plaintiff, involved facts not remotely similar to those present here. Opening Br. at 16–17, Page.ID.476-77. And the Ninth Circuit in *Karasek v. Regents of the Univ. of Calif.,* 948 F.3d 1150 (9th Cir. 2020), did not hold that the Plaintiffs there had adequately pleaded causation; it remanded the question to the district court to decide in the first instance whether the complaint pleaded sufficient facts to survive a motion to dismiss. *Id.* at 1171 ("Ultimately, we leave to the district court to decide, in the first instance, whether Appellants' allegations are sufficient to survive a motion to dismiss under the principles we have set forth.").

Plaintiff fails to explain why granting an appeal now—before expensive and intrusive discovery—would fail to materially advance the ultimate termination of the litigation. While she asserts that this Court's August 21st Order was correctly decided and posits the Sixth Circuit would agree, the question is whether a ***reversal*** by the Sixth Circuit would materially advance this litigation. Of course it would, the case would be over. Moreover, whether Plaintiff's pre-assault theory of liability is valid under Title IX is a pure question of law. Allowing the Sixth Circuit to answer that question now, before costly and intrusive discovery has occurred, is an efficient use of both the parties' and the Court's resources. *Thompson v. Bruister & Assocs.*, No. 3:07-00412, 2013 U.S. Dist. LEXIS 139374, at *21 (M.D. Tenn. Sept. 27, 2013) (an interlocutory appeal materially advances a litigation if "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation"). And even if the Sixth Circuit did not outright dismiss these claims, guidance from the Sixth Circuit would help frame this case going forward.

As evidenced by the *Kollaritsch* decision, the Sixth Circuit has been active in defining the boundaries of the private cause of action under Title IX in the past several years. Just weeks ago, the Sixth Circuit granted *en banc* review in another Title IX claim pending against the University of Michigan. *See Foster v. Board of Regents of Univ. of Michigan*, 952 F.3d 765 (6th Cir. 2020), *vacated and reh'g en banc ordered*, 2020 U.S. App. LEXIS 15661 (6th Cir. May 15, 2020). And, contrary to Plaintiff's assertion that there is "every reason to believe . . . that the Sixth Circuit would recognize a pre-assault theory," Pl.'s Br. at 11, Page.ID.514, the trend in Sixth Circuit cases is to narrow, not expand, the private cause of action under Title IX. *see, e.g.*, *Doe v. University of Ky.*, 2020 U.S. App. LEXIS 15853 (6th Cir. May 18, 2020) (affirming summary judgment based on *Kollaritsch*). Given the novel theory Plaintiff is attempting to pursue in this case, it would be most efficient, and would materially advance the ultimate termination of this litigation, to have the Sixth Circuit decide now whether this untested and unrecognized theory is viable in this Circuit.[3]

---

[3] Plaintiff appears to suggest that MSU's Motion under 28 U.S.C. § 1292(b) is untimely, though she does not develop that argument or cite any authorities. Pl.'s Br. at 6, Page.ID.509 ("Plaintiff further states that Defendant had ample opportunity to request certification within the timeframe set forth in 28 U.S.C. § 1292(b) but chose not to."). There is no time limit in which to file a motion for certification under 28 U.S.C. § 1292(b). The ten-day limit in the statute applies to filing a petition in the ***appellate court***. MSU's motion was filed shortly after the Sixth Circuit denied re-hearing en banc in *Kollaritsch*. The evolving law in the Sixth Circuit now demonstrates that an appeal is particularly appropriate, and Plaintiff has suffered no prejudice from the timing, even agreeing to a stay of proceedings pending an appeal. *See* Dkt. No. 51, Page.ID.497.

Date:  June 4, 2020

Respectfully submitted,

s/ Michael E. Baughman

_____
Michael E. Baughman, Esq.
Attorney I.D. No. 78690
baughmam@pepperlaw.com
Kristin H. Jones, Esq.
Attorney I.D. No. 85725
joneskh@pepperlaw.com
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

*Attorneys for Defendant Michigan State University*

## CERTIFICATE OF SERVICE

I certify that on the 4th of June, 2020, I electronically filed the foregoing Michigan State University's Reply Memorandum, with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

    Respectfully submitted,

    *s/ Michael E. Baughman*

    Michael E. Baughman, Esq.
    Attorney I.D. No. 78690
    baughmam@pepperlaw.com
    PEPPER HAMILTON LLP
    3000 Two Logan Square
    Eighteenth & Arch Streets
    Philadelphia, PA  19103-2799
    (215) 981-4000