UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BAILEY KOWALSKI, ) | |
|       Plaintiff, ) | |
| ) | No. 1:18-cv-390 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| MICHIGAN STATE UNIVERSITY, ) | |
|       Defendant. ) | |
| ) | |

## ORDER GRANTING MOTION FOR RECONSIDERATION

This matter is before the Court on Defendant Michigan State University's motion for reconsideration (ECF No. 47) of the Court's Order denying its motion to dismiss Plaintiff Bailey Kowalski's complaint (Order ECF No. 32).

Kowalski's complaint alleges that Michigan State University ("MSU") maintained official policies that caused her to be sexually assaulted by three members of the MSU basketball team on April 11, 2015, in violation of Title IX. 20 U.S.C. § 1681 *et seq.* At the time the Court considered MSU's motion to dismiss, the Sixth Circuit had not explicitly approved or rejected this "pre-assault" theory of liability. On August 21, 2019, this Court found that Kowalski's pre-assault theory of liability was at least conceivably supported by caselaw from in-circuit district courts, and found that "the allegations in Plaintiff's complaint render plausible her claim that MSU maintained official policies that left her and other female students vulnerable to sexual assault by male athletes." (ECF No. 32 at PageID.308.) Accordingly, the Court denied MSU's motion to dismiss and allowed Kowalski's pre-assault theory of liability to proceed.

But on December 12, 2019, the Sixth Circuit provided clear guidance on Title IX claims in *Kollaritsch v. Michigan State University Board of Trustees*, 944 F.3d 613 (6th Cir. 2019). There, the Circuit Court held that "a student-victim plaintiff must plead, and ultimately prove, that the school had actual knowledge of actionable sexual harassment and that the school's deliberate indifference to it resulted in further actionable sexual harassment against the student-victim, which caused the Title IX injuries." *Id.* at 618. The Circuit Court was explicit: "one incident of harassment is not enough" to plead a Title IX claim, because Title IX requires "systemic" harassment. *Id.* at 620 (citing *Davis v. Monroe County Board of Education*, 526 U.S. 629, 652-53 (1999)). This means that the student-victim must unfortunately suffer "at least one more (*further*) incident of harassment, after the school has actual knowledge and implements a response," to state a claim. *Id.* at 621.

Based on this guidance, MSU now seeks reconsideration of the Court's August 2019 opinion (ECF No. 47), or in the alternative, to stay proceedings pending an interlocutory appeal (ECF No. 48). MSU argues that *Kollaritsch* plainly rejects the pre-assault theory of liability advanced by Kowalski, so the Court must reconsider MSU's motion to dismiss and dismiss the complaint.

A motion for reconsideration may be granted when the moving party demonstrates a "palpable defect" by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. Mich. LCivR 7.4(a). The decision to grant or deny a motion for reconsideration under this Local Rule is within the district court's discretion. *See Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 694, 681 (6th Cir. 2012) (citation omitted). Reconsideration is appropriate to

accommodate an intervening change in controlling law. *See, e.g., Forman v. Meridian Bioscience, Inc.*, 387 F. Supp. 3d 791, 796 (S.D. Ohio 2019). The Court finds that the *Kollaritsch* decision is an intervening change in controlling law such that reconsideration is appropriate.

The *Kollaritsch* opinion is broad and clear, and its application to Kowalski's claim is straightforward. Kowalski must plead "[1] an incident of actionable sexual harassment, [2] the school's actual knowledge of it, [3] some further incident of actionable sexual harassment, [4] that the further actionable harassment would not have happened but for the objective unreasonableness (deliberate indifference) of the school's response, and that the Title IX injury is attributable to the post-actual-knowledge further harassment." *Kollaritsch*, 944 F.3d at 623-24. Kowalski's claim only satisfies the first and second elements. She was the victim of an incident of actionable sexual harassment and informed MSU about the incident, but she does not allege that she suffered a further incident of actionable sexual harassment. Therefore, Kowalski cannot satisfy the third and fourth elements of a Title IX claim as defined by *Kollaritsch*. Further, the *Kollaritsch* court made clear that a claim cannot be premised on a school's failure to address the risk of sexual harassment based on past incidents of sexual harassment against students other than the plaintiff. *Kollaritsch*, 944 F.3d at 621-22, citing *Pahssen v. Merrill Community School Dist.*, 668 F.3d 356, 363 (6th Cir. 2012). Therefore, *Kollartisch* clearly forecloses Kowalski's claims. In turn, MSU's motion to dismiss must be granted. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for reconsideration (ECF No. 47) is **GRANTED**.

3

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to stay proceedings pending appeal (ECF No. 48) is **DISMISSED** as moot.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  February 24, 2021   /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge